IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENARDO ROBINSON          *

Petitioner                *

v                         *       Civil Action No. RDB-13-2104

UNITED STATES OF AMERICA, *et al.* *

Respondent                *
                        ***

## MEMORANDUM OPINION

The Court-Ordered Response to the above captioned Petition for Writ of Habeas Corpus has been received and Petitioner has filed a Reply thereto. ECF No. 3 and 5. This matter is now ripe for the Court's dispositive review. A hearing is not necessary for disposition of the case. *See* Local Rule 105.6 (D. Md. 2011).

## Background

Petitioner alleges he is entitled to credit against his federal sentence for time spent in state custody because when he was sentenced by this Court his sentence was imposed "with credit for time served since 3-17-2007 to run concurrently with any sentence served in the state of Maryland." ECF No. 1 at p. 1. Additionally, he claims he made a request to the Central Office of the Bureau of Prisons (BOP) for a "nunc pro tunc designation" and his request was denied. *Id.*

Petitioner was sentenced to a term of 15 years on March 18, 2005, in the Circuit Court for Baltimore City, Maryland on charges of possession with intent to distribute a controlled dangerous substance. The state court suspended 14 years, 6 months and 2 days of the 15 year term and imposed a period of probation. ECF No. 3 at Ex. 1, Attachment A. Petitioner was charged with violating probation and appeared before the Circuit Court on August 27, 2007. After finding he had violated probation the court sentenced him to serve seven years and

awarded credit for time spent waiting trial, giving the seven year term a starting date of March 20, 2007. *Id.* at Attachments A and B.

Petitioner was indicted by a federal grand jury on one count of being a felon in possession of a firearm while he was incarcerated pending his state violation of probation proceeding.[1] On November 5, 2007, he was brought to this Court by the United States Marshal's Service (USMS) for an initial appearance on the federal charge. *Id.* at Attachment C. Petitioner was returned to state custody after his initial appearance. *Id.*

On November 14, 2008, Petitioner pled guilty in this Court to the one count indictment. On December 22, 2008, while on federal writ, Petitioner was sentenced by this Court to serve 180 months, to run concurrently with any sentence served in the State of Maryland. *Id.* at Attachment D. Petitioner was paroled from his state sentence on March 27, 2012, and was put in custody of the USMS for service of his federal sentence on the following day. *Id.* at Attachment E. Petitioner is currently in federal custody and is confined at FCI-Cumberland.

## Standard of Review

Under 18 U.S.C. §3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence, the sentence is consecutive. *See* 18 U.S.C. §3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Additionally, under 18 U.S.C. §3585(b) a defendant is not entitled to credit toward the service of a term of imprisonment if the period of time in question has been credited against another sentence. *See also McClain v. Bureau of Prisons* 9 F. 3d 503,

---
[1] *See United States v. Robinson*, Criminal Case RDB-07-0317 (D. Md.).

2

505 (6th Cir. 1993) (intent of 18 U.S.C. §3585(b) is to prevent double credit incurred before commencement of sentence). However, a defendant is entitled to credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed; or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. *See* 18 U.S.C. §3585 (b). Further, BOP Program Statement 5880.28 provides that:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 USC § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.

ECF No. 3 at Ex. 1, Attachment G.

**Analysis**

In the instant case this Court's intent to make Petitioner's federal sentence concurrent to his state sentence was clearly stated. Respondent does not dispute that the terms are concurrent; rather, Respondent asserts that the credit to which Petitioner is entitled has been awarded. ECF No. 3. Petitioner's position appears to be that the only method to properly credit the time he spent in state custody is to back-date his federal sentence to March 17, 2007, the date his state sentence began. ECF No. 1 and 5. Petitioner is mistaken.

Petitioner has been given credit for "time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence beg[an] to

3

run." ECF No. 3 at Ex. 1, Attachment J. The credit provided is referred to as *Willis* [2] credit and is awarded in cases where a federal and non-federal term are concurrent; and the non-federal term expires at the same time or before the federal term expires. *Id.* Petitioner was determined by BOP staff to be entitled to *Willis* credit for the period of March 17, 2007 through August 26, 2007. Because Petitioner was serving the state sentence from August 27, 2007 through December 22, 2008, he may not be awarded credit for that time against his federal sentence under 18 U.S.C. §3585(b). The *Willis* credit has been subtracted from the expiration date of Petitioner's 180-month sentence. ECF No. 3 at Ex. 1, Attachment H, p. 2.

Petitioner's argument that imposition of the federal term "with credit for time served since March 17, 2007 to run concurrent with any sentence served in the State of Maryland" requires the BOP to credit him with all time in state custody is erroneous. ECF No. 5. The Court's imposition of the sentence as concurrent does not require the BOP to violate applicable laws regarding sentence computation; the use of the March 17, 2007 date provides a reference point for purposes of identifying which period of state custody the BOP should look to for purposes of crediting Petitioner. That reference point is particularly significant in Petitioner's case where the state sentence was a split sentence. Petitioner was originally given a suspended term after serving a portion of the 15 year sentence; he was then sentenced to serve another portion of the sentence after he was found guilty of a violation of probation. It is the latter period of time in state custody the BOP was directed to review for purposes of the concurrent federal sentence.

Petitioner has been awarded all of the credit he is entitled to receive both under this Court's sentencing Order in his criminal case and applicable law. Accordingly, by separate

---

[2] *See Willis v. United States*, 438 F. 2d 923 (5th Cir. 1971); *see also Kayfez v. Gasele*, 993 F. 2d 1288 (7th Cir. 1993).

4

Order which follows, the Petition for Writ of Habeas Corpus shall be denied. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U. S.C.§ 2253(c)(2).

November 8, 2013
DATE

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE